### THE STATE v. WILLIAMS.

Upon an indictment for an assault with intent to commit murder, a prisoner, by force of the provisions of the eighth section of chap. 214, Revised Statutes, may be convicted of an assault with intent to commit murder in the second degree.

In an indictment for an assault with an intent to commit murder, it is unnecessary that the offence should be laid to have been committed *unlawfully*.

INDICTMENT, alleging that the prisoner, on the eighth day of August, A. D. 1851, with force and arms, made an assault upon one George E. Dow, with a knife which he then held in his right hand, with intent the said Dow, feloniously and wilfully and of his malice aforethought to kill and murder, contrary, &c.

The counsel for the prisoner contended that the assault must

have been such that, if death had ensued, it would have consti-
tuted the crime of murder in the first degree.

The attorney general contended that the prisoner might be
convicted, though the assault was made with the intent to com-
mit murder in the second degree only.

It was then agreed that the jury might return a verdict that
the prisoner was guilty of an assault with intent to commit mur-
der in the second degree.

The cause was thereupon committed to the jury, who by con-
sent returned a verdict "Guilty of an assault upon George W.
Dow, as set forth in said indictment, with an intent to commit
murder in the second degree."

The prisoner moved that judgment be entered for him and
that he be acquitted notwithstanding the verdict; and in arrest
of judgment.

*Wood*, with whom was *Wells*, for the prisoner.

The indictment alleges that Williams made an assault upon
Dow with a knife, with intent him the said Dow, then and there,
with the knife aforesaid, feloniously, wilfully, and of his malice
aforethought, to kill and murder, contrary to the statute, &c.

All murder by poison, starving, torture, or other deliberate
and premeditated killing is murder of the first degree, and all
murder not of the first is of the second degree. Rev. Stat.,
page 433; Ib., § 8. "If any person shall make an assault upon
another, with intent to commit any crime described in this chap-
ter, the punishment whereof may be death, or confinement to
hard labor for life, he shall be punished," &c.

To sustain this indictment, the assault must be proved such
that if death ensues it would have been murder in the first de-
gree. Wharton's Cr. Law, 316. 7 Wm. IV., 1 Vic., 85, §
2, among other things makes it a capital offence if any party
shall, by any means, cause any person bodily injury, dangerous
to life, with an intent to commit murder. A party was indicted,
under the above section, for inflicting an injury, dangerous to
life, with intent to commit murder. Under this act, *Patteson,*
J., held that the jury ought not to convict unless they were satis-

fied that the prisoner had in his mind a positive intention to murder.

The power of modifying or qualifying a verdict is not authorized in any case, excepting in cases of deliberate murder, coming under the first section of chap. 214, to which § 8 only relates.

The jury would not return a verdict of guilty in this case, for that would convict the respondent of a different offence from that in the indictment, and other than the evidence would warrant, as the State admit.

The court, in passing sentence, are confined to the allegations in the indictment, and if the indictment, as in this case, allege that the assault was committed with a deliberate design to take life, then the court should pass sentence as if the same had been proved.

In an indictment, for an assault with an intent to murder, the intent as laid, must be fully established to support a conviction; and, by the evidence, if a homicide of a less degree has been committed, the party should be acquitted. Russ. on Crimes, 584, 585; Ib., 719; *Dame* v. *the State*, 2 Ham. Rep., 439.

The intent alleged, forming the gist of the offence, must be specifically proved. Arch. Crim. Pleas, 126, 526, 538; Whar. Crim. Law, 316.

The respondent would only be convicted of an assault, as the indictment does not allege the assault to have been committed unlawfully.

*Sullivan*, attorney general, for the State.

In a charge for an assault with intent to kill, the assault need not have been such that if death had ensued it would have been murder in the first degree. If it were such that if death had ensued, it would have been murder in the second degree, this would justify a conviction. Revised Statutes, 334, chapter 214, §§ 1, 3, 8.

If the act which produces the death of another be attended with such circumstances as are the symptoms of a malicious spirit, the law implies malice. *State* v. *Smith*, 2 Strobhart's South Carolina Rep., 77.

The State *v.* Williams.

Where the stabbing is proved, the law implies malice; to rebut which, the proof must demonstrate that the stabbing was done under such circumstances as would, had death ensued, have mitigated the offence from murder to manslaughter. *White* v. *the State*, 9 Yerger, 342.

Murder in the second degree implies an intent to kill. 1 Russ. on Crimes, 482, note; *Mitchell* v. *the State*, 5 Yerger, 340.

In case of actual murder, it is not necessary to aver that it was in the first or second degree. Whar. Amer. Prec'ts, 126, forms under New-York and South Carolina statutes.

A verdict will not be set aside or disturbed on account of technical objections, if substantial justice be done. Whar. Crim. Law, 640.

GILCHRIST, C. J. There is no doubt, upon the facts stated in this case, that the prisoner intended to commit murder; and it was the province of the jury, under the indictment, to determine whether it was murder of the first or of the second degree. Rev. Stat., chap. 214, § 1. Under this general indictment, which need not specify the degree of murder, he has been found guilty of an assault with an intent to commit murder in the second degree. The eighth section of chap. 214, provides, that "if any person shall make an assault with intent to commit any crime described in this chapter, the punishment whereof may be death, or confinement to hard labor for life, he shall be punished," &c. The punishment of murder in the second degree, is confinement to hard labor for life, and consequently, the eighth section provides for the punishment of the offence of which the prisoner has been found guilty.

The cases, cited by the counsel for the prisoner, from the English reports, do not apply in this case, because, in England, the distinction between murder in the first, and murder in the second degree, which we have established by statute, is unknown, or, if it exist at all, it has been enacted since the decisions referred to. There, the distinction is not between murder in the first, and murder in the second degree, and man-

slaughter, but only between murder and manslaughter, the less heinous offence of murder in the second degree being the result of legislation in this country; the State of Pennsylvania, in the year 1794, having been among the first to introduce it. This sufficiently explains the language of Mr. Justice *Patteson*, in the case of *Regina* v. *Jones*, 9 C. & P., 258, to which the counsel for the prisoner probably intended to refer. The indictment was for shooting at the prosecutor with intent to murder, and it contained also other counts charging the prisoner with intents to disable, disfigure, and to do greivous bodily harm. *Patteson, J.*, said, "It is a very important question whether on a count, charging an intent to murder, it is essential that the jury should be satisfied that that intent existed in the mind of the prisoner at the time of the offence, or whether it is sufficient that it would have been a case of murder if death had ensued; however, if it be necessary that the jury should be satisfied of the intent, I have no doubt that the circumstance that it would have been a case of murder if death had ensued, would be, of itself, a good ground from which the jury might infer the intent, as every one must be taken to intend the consequence of his own acts." But, upon the evidence, the jury were instructed to dismiss the first count from their consideration, as it would have been difficult to say, if the prosecutor had died, that it would have been a case of murder.

We see no reason to except to this decision. If the prosecutor had died, the intent would have been proved; because the prisoner would have been supposed to intend the consequence of his acts. As he did not die, however, and as there was no other evidence of malice than that which depended on the contingency of the prosecutor's death, the prisoner was properly acquitted of the charge.

In *Macklin's Case*, 2 Lew., 225, the prisoner was indicted for murder, and *Alderson, B.*, said, "If a person attacks another without justifiable cause, and from the violence used, death ensues, the question which arises is, whether it be murder or manslaughter? If the weapon used be a deadly weapon, it is reasonable to infer, that the party intended death; and if he in-

tended death, and death was the consequence of his act, it is murder. * * * If the evidence be such as that the jury think there was an intention to kill, it is murder; if not, manslaughter."

So in the case of *Rex* v. *Milton*, 1 East. P. C., 411, where a prisoner was charged with murder, in the first count of an indictment, Lord *Kenyon* was of opinion upon the facts given in evidence, that if death had ensued, it would have been manslaughter only, and directed the jury to acquit the prisoner upon that count.

These decisions are entirely correct when considered with reference to a state of the law in which degrees in murder are not recognized. In such case, if a party be charged with an assault with an intent to commit murder, unless the alleged intent to commit murder, according to its common law definition, be proved, the charge is not maintained. But if there are degrees in murder, the inquiry would not naturally stop after the jury had negatived the existence of the intent to commit the higher offence, but the question would then be, did the prisoner intend to commit the less henious offence? Even if the provisions of the eighth section of chapter 214 had not been enacted, such would seem to be the reasonable construction of the law; otherwise an attempt to commit a grave offence would remain without a commensurate punishment. We cannot, however, regard the above decisions as authorities here, to affect the construction of our statute. They can have no weight with us, because we have a law, which, according to our construction of it, applies as well to murder in the second, as to murder in the first degree; and the reasoning of the English judges, being founded on the common law, which does not admit of degrees in murder, is not applicable to a statute by which those degrees are established.

It is further contended that as the indictment does not allege the assault to have been committed *unlawfully*, the prisoner could be convicted of an assault only.

It is stated in 1 East. P. C., 347, that the indictment is concluded by charging the murder upon the party in a positive

allegation, that the prisoner in the manner and by the means aforesaid, feloniously, wilfully, and of his malice aforethought, did kill and murder. The word *unlawfully* is not mentioned. In Hawk. P. C., B 2, chap. 25, § 96, upon the question whether it be necessary in an indictment at common law to lay the offence *illicite*, it is said by the author, "I cannot find this word used in any one of Cook's or Rastal's precedents of indictments; neither do I find any clear and express authority that it is in any case necessary in an indictment at common law; but on the contrary, I find it expressly adjudged that it is not necessary in an indictment of a riot, because the act itself contained in the indictment so plainly appears to be unlawful. But where a statute uses the word *unlawful*, in the description of an offence, it is certain that an indictment grounded on it must use the word *illicite*, or some other, tantamount." Succeeding writers on this subject have repeated the doctrine of Hawkins. 1 Ch. Cr. Law, 138; Bac. Abr. Indictment, G. 10; and we are not aware that the use of this word has ever been considered necessary in an indictment for murder, nor is it used in the form given in Davis's Precedents, 65, of an indictment for and assault with intent to commit murder. Our judgment, therefore, is that this position, which is the ground of the motion in arrest, must be overruled.

*Judgment on the Verdict.*